**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

REGINALD McNAIR,

                     Plaintiff,

    v.                                       No. 04-CV-128
                                               (LEK/DRH)

DANIEL A. SENKOWSKI, Ex Superintendent
of Clinton; C. DROWN, Hearing Officer; r.
MURPHY, Appeal Officer; and D. SELSKY,
Appeal Officer,

                     Defendants.

---

**APPEARANCES:**                              **OF COUNSEL:**

REGINALD McNAIR
Plaintiff Pro Se
℅ Mrs. Henry McNair
2250 Clifford Avenue
Rochester, New York 14609

HON. ELIOT SPITZER                       GERALD J. ROCK, ESQ.
Attorney General of the State            Assistant Attorney General
   of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**

      Presently pending is defendants' motion to dismiss. Docket No. 21. Plaintiff Reginald McNair ("McNair") has not opposed the motion. For the reasons which follow, it is recommended that this action be dismissed pursuant to Fed. R. Civ. P. 41(b) and N.D.N.Y.L.R. 41.2(a) for McNair's failure to prosecute.

## I. Background

McNair commenced this action on February 4, 2004 while incarcerated in the custody of the New York Department of Correctional Services. Docket No. 1. McNair was thereafter released from custody and served notice of his new address. Docket No. 11. Defendants served notice to take McNair's oral deposition. When McNair failed to appear for his deposition or to give any notice that he would not appear, defendants moved for sanctions. Docket No. 17. McNair failed to answer the motion and it was granted. Docket No. 20. Defendants then filed the instant motion. Docket No. 21. When McNair failed to respond to the motion, the Court entered an order sua sponte on July 5, 2005 extending the deadline for McNair to respond to the motion to August 10, 2005 and advising that his failure to respond could result in the dismissal of this action. Docket No. 24. McNair has still failed to respond.

It appears from the docket of this case that McNair's last communication to the Court concerning this case was his attempt to file a notice of his change of address on or about May 11, 2004. Docket No. 11. Since that date, McNair has failed to appear for his deposition, respond to a motion for sanctions, pay the sanction imposed, and respond to the instant motion. It does not appear that any of the communications sent to McNair at the address he last provided have ever been returned as undelivered.

## II. Discussion

Under Fed. R. Civ. P. 41(b), a court may dismiss an action for a plaintiff's sustained failure to prosecute the action. See West v. City of New York, 130 F.R.D. 522, 524

(S.D.N.Y. 1990); see also N.D.N.Y.L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed. . . ."). In determining whether to dismiss an action on this ground, a court should consider the duration of a plaintiff's failures, whether the plaintiff has received notice that further delays would result in dismissal, whether the defendant was likely to be prejudiced by further delay, a balancing of the court's need to alleviate calendar congestion with a party's right to due process, and the efficacy of lesser sanctions. See Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869, 872 (S.D.N.Y. 1995); Stoenescu v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y. 1995); see also N.D.N.Y.L.R. 41.2(a) (directing that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution. . . .").

Here, McNair has had no contact with the Court or opposing counsel since May 11, 2004 and is therefore presumed to have failed to prosecute this action. Moreover, he has failed to respond to motions, failed to pay a court-ordered sanction, and appears to have received notices of all such matters. In these circumstances, the conclusion is compelled that McNair has failed to prosecute this action and that, as a consequence, it should be dismissed.

### III. Conclusion

Deeming defendants' motion as one for dismissal for lack of prosecution, it is hereby

3

**RECOMMENDED** that defendants' motion (Docket No. 21) be **GRANTED** and that this action be **DISMISSED** for lack of prosecution pursuant to Fed. R. Civ. P. 41(b) and N.D.N.Y.L.R. 41.2(A).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT ON OR BEFORE <u>NOVEMBER 14, 2005</u>** (this constitutes an extension of the normal ten day period) **WILL PRECLUDE APPELLATE REVIEW.** <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Secretary of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

DATED:  December 16, 2005
           Albany, New York

_David R. Homer_
United States Magistrate Judge